UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
EULA PALMER and GLEN PALMER,

                Plaintiffs,                **MEMORANDUM AND ORDER**
                                                         25-CV-2329 (OEM) (LKE)

   - against -

SCOTT THOMPSON, CEO, Lexus
Financial Services and ERIC PAGAN,
General Manager, DARCARS Greenwich,

                Defendants.
---------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

        On April 28, 2025, plaintiffs Eula Palmer and Glen Palmer ("Plaintiffs"), proceeding *pro se,* filed the above-captioned civil action against Scott Thompson ("Thompson"), CEO, Lexus Financial Services, and Eric Pagan ("Pagan"), General Manager of DARCARS Lexus, a Greenwich, Connecticut car dealership. Specifically, Plaintiffs asserts Fair Debt Reported Act claims related to their January 2024 sale, purchase, and financing of a 2024 Lexus RX 350. By Order dated May 8, 2025, Plaintiffs were directed to serve Defendants by July 28, 2025. Plaintiffs have not yet returned executed summonses for either Defendant. On May 23, 2025, Defendant Pagan moved to compel arbitration.

        Before the Court is Plaintiffs' "Proposed Order for Default Judgment and Emergency Permanent Injunction Order" and "Request for Certificate of Default" filed on June 27, 2025.[1] ECF 11, 12. For the following reasons, the requests for emergency injunctive relief and certificate of default are denied.

---

[1] Plaintiffs' request was submitted after business hours on June 27, 2025 via the late submission box and received by the Clerk of Court on the next business day, June 30, 2025.

# DISCUSSION

By emergency motion, Plaintiffs seek an order of this court: (1) entering a default judgment against Defendant Scott Thompson;[2] and (2) an "Emergency Permanent Injunction"

> restraining Defendants from: a. . . . Repossess[ing] my Lexus Truck, 2024 RX 350[;] b. Reporting, disseminating, or otherwise publishing any adverse credit information concerning Plaintiff to any credit reporting agencies or data aggregators; c. Retaining or storing such data in internal databases for future dissemination; d. Failing to delete all negative entries pertaining to Plaintiff from all records . . . within four (4) business days.

ECF 12 at 1-2.  Plaintiffs also seek damages of $400,000.  *Id* at 2.

### A. Temporary Restraining Order and Preliminary Injunction

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which are "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  To obtain such relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief."  *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010).  The Second Circuit defines irreparable harm as "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (citation omitted).

Plaintiffs' "Request for Emergency Permanent Injunction" does not meet the standard for emergency injunctive relief.  Plaintiffs have neither made, or attempted to make, a showing of irreparable harm or likelihood of success on the merits.  They have provided no basis to disrupt

---

[2] The request also appears to seek relief against "George Martinez."  No. 12 at 1.  Although Plaintiffs apparently served a copy of the complaint on Mr. Martinez, ECF No. 6, he is not a party to this action.

the normal pace of this litigation or pressing need for this Court's intervention in the matters presented.

### B. Motion for Certificate of Default

Local Civil Rule 55.1 sets forth the requirements for certificate of default. A party seeking an entry of a certificate of default must file (1) a "Request to Enter Default"; (2) an affidavit or declaration showing "that the requirements of Fed. R. Civ. P. 4 for service or waiver of service have been satisfied" and that the party against whom the default is sought "has failed to plead or otherwise defend;" (3) a proposed "Clerk's Certificate of Default;" and (4) a certificate of service of the foregoing documents on the party against whom default is sought, personally or by mail. Local Civil Rule 55.1(a).

Plaintiffs' request for a certificate of default against Thompson is denied for failure to comply with Local Civil Rule 55.1. Plaintiffs have not filed proof of service on Thompson and have therefore not adequately shown compliance with Fed. R. Civ. P. 4. As such, Plaintiffs' motion is premature: without proper service, a defendant cannot be held in default for failing to answer the complaint. *See South Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, 15-CV-6183 (JMA) (SIL), 2017 WL 913625, at *6 (E.D.N.Y. Jan. 17, 2017) ("To assert personal jurisdiction, '[t]he procedural requirements of effective service of process must be satisfied'") (citations omitted).

Accordingly, Plaintiff's request for injunctive relief and default judgment are denied.

SO ORDERED.

                                                             /s/
                                         ORELIA E. MERCHANT
                                         United States District Judge

July 1, 2025
Brooklyn, New York